IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States Fire Insurance Company,<br>a/s/o Mafcote International, Inc.,<br><br>    Plaintiff,<br><br>  vs.<br><br>Omnova Solutions, Inc.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.  10-1085<br>)<br>)<br>)<br>)<br>)<br>) |

AMBROSE, Senior District Judge


**OPINION
AND
ORDER OF COURT**

The factual and procedural details of this subrogation action are well known to the parties and I need not repeat them in detail here.  Pending are several Motions in Limine that the parties have filed.  Through its only Motion, Plaintiff seeks to exclude certain witnesses and evidence allegedly not previously disclosed by the Defendant and to compel production of certain documents and photographs allegedly disclosed for the first time in Defendant's Pretrial Statement.  In its Motions, Defendant seeks the following:  (1) to exclude evidence, testimony, and argument that Omnova Solutions Committed a trespass; (2) to exclude evidence of prior occurrences of flooding; (3) to exclude evidence, testimony, and argument of alleged corporate relation or succession; and (4) permission to move *in limine* at a later date to exclude Plaintiff's as-yet-undisclosed demonstrative exhibits.  After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, Plaintiff's Motion in Limine is denied and Defendant's Motions in Limine are granted in part and denied in part.

1

I. <u>**Applicable Standards**</u>

<u>**Federal Rules of Evidence 401 and 403**</u>

Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In turn, relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Rule 403 authorizes a district court in its broad discretion to exclude collateral matters that are likely to confuse the issues." <u>United States v. Casoni</u>, 950 F.2d 893, 919 (3d Cir. 1991). The inquiries under Rules 401 and 403 are fact-intensive, and context-specific. <u>Sprint v. Mendelsohn</u>, 552 U.S. 379 (2008). A court should be wary of excluding evidence *in limine* under Rule 403 because "[a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." <u>In re Paoli R.R. Yard PCB Litig.</u>, 916 F.2d 829, 859 (3d Cir. 1999). "[W]hen the trial judge is in doubt, Rule 403 requires admission." <u>Coleman v. Home Depot, Inc.</u>, 306 F.3d 1333, 1244 (3d Cir. 2002).

The burden of establishing the admissibility and relevance of evidence rests on the proponent. <u>See, e.g.,</u> <u>Phillips v. Potter</u>, Civ. A. No. 7-815, 2009 WL 258830, at *1 (W.D. Pa., Aug. 19, 2009).

II. <u>**Plaintiff's Motion**</u>

Plaintiff moves *in limine* to exclude certain witnesses and evidence not previously disclosed by Defendant. (Docket No. 31). Plaintiff also moves to compel production of certain documents and photographs allegedly disclosed for the first time in Defendant's Pretrial Statement. <u>Id.</u> For the following reasons, Plaintiff's Motion is denied:

First, with respect to Exhibits H, I, FF, GG, and PP listed in Defendant's Pretrial Statement, Defendant identified these items in its Initial Disclosures and produced the same

either with the Initial Disclosures or in response to Plaintiff's requests for production of documents. Def.'s Opp. Br. (Docket No. 32) at 2-3. With respect to Exhibits B and QQ, Defendant represents that it had identified these items in its Initial Disclosures and that it would produce copies of the pertinent documents/photographs to Plaintiff on or before March 16, 2012.[1]

Second, with respect to Exhibits AA, OO, VV, DDD, and EEE listed in Defendant's Pretrial Statement, Defendant represents that the parties previously exchanged these documents during discovery. Def.'s Br. Opp. at 4.

Third, with respect to Exhibits K, L, M, N, O, T, U, V, W, X, BB, CC, DD, EE, II, JJ, and NN, Defendant represents that Plaintiff did not request these items during discovery. Def.'s Br. Opp. at 5-6. Defendant further notes that these exhibits are documents in the public domain. Id. at 5. Defendant indicates in its opposition brief that it would produce copies of these previously non-requested exhibits to Plaintiff by March 16, 2012 in accordance with Fed. R. Civ. P. 26(a)(3)(B).[2] Id. at 6.

Fourth, Defendant admits that it did not produce the document listed as Exhibit Q on its Pretrial Statement (FM Global Loss Prevention Report dated April 22, 2004) in discovery although the document was responsive to Plaintiff's discovery requests. Def. Br. Opp. at 6. Defendant explains, however, that its counsel only located the document within a week of filing its Pretrial Statement and that it has since produced a copy to Plaintiff in accordance with Fed.

---

[1] Plaintiff also summarily objects to defense Exhibit QQ (a July 29, 2009 letter from then-Governor Edward Rendell to President Barack Obama) on hearsay grounds. Pl.'s Mot. (Docket No. 31) ¶ 6. Defendant responds that the letter at issue is admissible under the public records exception set forth at Federal Rule of Evidence 803(8). Def.'s Br. Opp. at 3-4 & Ex. E. To the extent Plaintiff disagrees that the public records exception applies to the exhibit in question, it may raise an appropriate objection at trial.

[2] If Defendant did not produce these or any of the other exhibits at issue on or after March 16, 2012 due to the postponement of the trial date, I direct Defendant to complete such production within ten (10) days of the date of this Order.

3

R. Civ. P. 26(a)(3)(B) and (e)(1)(A).[3]  Nothing in the record before me gives me any reason to disbelieve Defendant's representations in this regard.

Fifth, Plaintiff's motion is denied with respect to the four "new" fact witnesses Plaintiff alleges Defendant identified for the first time in its Pretrial Statement (Messrs. Pillsbury, Zomok, Bixler, and Jotzke).  Pl.'s Mot. ¶ 5.  Defendant represents that it intends to call Bixler, Jotzke, and Pillsbury solely for impeachment purposes and, therefore, was not required to identify them in its Initial Disclosures.  See Fed. R. Civ. P. 26(a)(1)(A)(i), (a)(3).  Defendant further states that it does not intend to call Zomok as a witness at trial.  Def.'s Br. Opp. at 8.

In short, Defendant has identified and/or produced all of the documents and/or witnesses at issue in Plaintiff's Motion *in Limine* in a timely manner.  Moreover, Plaintiff's fairness objections are without merit in light of the fact that the trial date in this case has been postponed, thus providing Plaintiff adequate time to evaluate the items at issue prior to trial.  For all of these reasons, Plaintiff's Motion in Limine (Docket No. 31) is denied.

### III.  Defendant's Motions

#### A.  Evidence, Testimony, and Argument that Defendant Committed a Trespass

This subrogation action arises from an incident of flooding that occurred on June 17, 2009 at the F.C. Meyer Packaging Plant in Jeannette, Pennsylvania.  The plant is owned by Plaintiff's insured, Mafcote International, Inc.  Plaintiff contends that the conduct of Defendant (who owned a structure downstream of the packaging plant) altered the natural flow of water and caused water to back up and overflow the banks of the creek onto Plaintiff's premises causing damage.  Count I of Plaintiff's Complaint alleges that Defendant is liable to it in trespass for the damages it sustained.  Complaint ¶¶ 19-23.  Count II of the Complaint alleges negligence/maintenance of a nuisance.  Id.

---

[3]  Because Defendant already has produced a copy of Exhibit Q to Plaintiff, Plaintiff's motion to compel production of that document is denied as moot.

Defendant moves *in limine* to exclude evidence, testimony, and argument regarding Count I of the Complaint, *i.e.*, the trespass count. (Docket No. 27). Defendant argues that Plaintiff cannot demonstrate that the flow of the creek's floodwaters into its packaging plant amounted to an intentional entrance upon the premises by Defendant and, therefore, that Plaintiff is without sufficient proof to make out a *prima facie* trespass claim against Defendant. Def.'s Mot. at 6-8.

After careful consideration, Defendant's motion is denied. Defendant did not file a motion for summary judgment on the trespass count, and the time for filing such motions has passed. The record before me is insufficient to determine whether Plaintiff's evidence will support a trespass claim. As Defendant acknowledges in its Reply Brief (Docket No. 39), the proper vehicle for raising this issue is, if appropriate, a Rule 50 motion after the close of Plaintiff's case at trial.

### B. Evidence of Prior Occurrences of Flooding

The flooding that caused the damage at issue in this case occurred on June 17, 2009. Defendant moves *in limine* to exclude evidence of two prior occurrences of flooding at its plant – one on July 8-9, 1985 and one on August 2-3, 1987. (Docket No. 28). Defendant further seeks to exclude evidence of a rumored third occurrence of flooding sometime in the 1970s. See id. at 4-5. Defendant argues that Plaintiff is without foundational proof that these alleged flooding incidents involved scenarios substantially similar to those alleged in this action, and, therefore that such incidents are not probative of notice, causation, and/or the claimed condition of the Omnova culvert. Id. at 7-8. I disagree.

In its response brief, Plaintiff states that it intends to offer the 1985 and 1987 flooding incidents as evidence of Omnova's notice and knowledge of the flood problems at issue in this case. Pl.'s Br. Opp. (Docket No. 36) at 14. After careful review of the attachments submitted by both parties, I find that if Plaintiff's evidence is believed, there are sufficient similarities between these incidents and the 2009 incident to make the prior incidents relevant to the issue

5

of notice.[4] Although the parties disagree as to the details of the flooding incidents and/or as to whether these incidents actually put Omnova on notice of the flood problems, such factual disputes are issues of weight, not admissibility. For these reasons, Defendant's Motion in Limine is denied as to the 1985 and 1987 flooding incidents.[5]

### C. Plaintiff's Demonstrative Exhibits

In its January 12, 2012 Pretrial Statement, Plaintiff references ten "Demonstrative Exhibits (to be supplied in advance of trial)." See Docket No. 24 at 11-12. As of the date that Defendant filed its motions *in limine*, Plaintiff had not yet supplied the demonstrative exhibits. In its motion filed at Docket No. 29, Defendant requests permission to move *in limine* relative to these demonstrative exhibits following its counsel's review and consideration of such exhibits once they are produced by Plaintiff. Plaintiff acknowledges that as of the date of filing its response (March 1, 2012), it had not yet created the demonstrative exhibits. See Docket No. 34. Plaintiff indicates that it will provide Defendant the opportunity to review any such exhibits before the start of trial per my Scheduling Order. See id. Plaintiff does not contest Defendant's right to review the exhibits and/or object to them after review. See id. Accordingly, Defendant's motion is granted. Defendant shall raise appropriate objections, if any, to Plaintiff's demonstrative exhibits after review and prior to their use at trial.

### D. Evidence of Alleged Corporate Relation or Succession

Defendant moves *in limine* to bar Plaintiff from offering evidence, testimony, and/or argument that General Tire & Rubber Company is Omnova's parent or affiliated company; that Omnova's corporate identity can be disregarded; and/or that the alleged acts or omissions of

---

[4] As Plaintiff correctly notes, the cases to which Defendant cites in support of the "substantial similarity" requirement are products liability cases and not negligence/trespass cases. Pl.'s Br. at 9-10. Plaintiff further correctly points out, however, that even in the products liability context, greater differences in the details of other incidents are tolerated in instances where those incidents are offered to prove notice. Id. at 9-10 (citing cases).

[5] Plaintiff admits it does not have more than anecdotal evidence concerning flooding during the 1970s and indicates that it is the 1985 and 1987 incidents that are relevant and admissible in this case. See Pl.'s Br. at 11. Thus, Defendant's Motion in Limine is granted to the extent it seeks to exclude evidence of flooding at the plant during the 1970s.

General Tire or any other predecessor can be imputed or otherwise attributed to Omnova. (Docket No. 30). General Tire & Rubber Company built the culvert in question in this lawsuit in 1975. Id. ¶ 5. Defendant asserts that Omnova Solutions, Inc. did not come into being as a corporate entity until October 1, 1999, and disputes Plaintiff's representation in its Pretrial Statement that General Tire is Omnova's parent. Id. ¶ 6. Defendant further argues that under Pennsylvania law, a corporation cannot be held liable for the claimed acts or omissions of an affiliated corporation. Id. ¶ 7.

In its initial response, Plaintiff labels Defendant's motion "misguided" and indicates that it does not intend to assign corporate responsibility to Omnova for acts committed by its alleged corporate predecessors. See Docket No. 33. Although Plaintiff appears to disagree with Omnova's characterization of the corporate history, Plaintiff agrees in this initial response that Omnova operated the facility beginning in 1999 and states that Omnova's liability stems from its active maintenance of the alleged inadequate culvert during that time. Id. Plaintiff states that the corporate history is nevertheless significant to show that the business has been in continuous operation in Jeanette since the days of General Tire & Rubber Company. Id.

In its supplemental response filed on March 14, 2012, however, Plaintiff suggests that it does indeed intend to pursue a successor liability theory against Omnova and argues that I should not preclude evidence of acts committed by Omnova's corporate predecessors (including the design and/or construction of the culvert). See Docket No. 51. Specifically, Plaintiff argues that Omnova may be liable for such acts under Pennsylvania's "mere continuation" doctrine. See id.

After careful review of the parties' submissions and the relevant case law, Defendant's motion in limine is denied. Defendant is correct that under well-established Pennsylvania law, a parent corporation is not liable for the acts of its subsidiaries. See Parkinson v. Guidant Corp., 315 F. Supp. 2d 741, 745 (W.D. Pa. 2004). Similarly, "[i]t is a general rule that when a corporation sells all of its assets to another corporation, the latter is not responsible for the seller

corporation's debts or liabilities." Bostick v. Schall's Brakes & Repairs, Inc., 725 A.2d 1232, 1237 (Pa. Super. Ct. 1999). As Plaintiff correctly notes, however, Pennsylvania courts have imposed successor liability where a successor corporation has been established to "merely continue" the former corporation's operations. Id.

In short, a motion *in limine* is not the appropriate vehicle for resolving such fact-specific issues at this juncture. Whether the mere continuation doctrine applies in this case is a question for the jury to decide. Defendant's contention that Plaintiff does not have sufficient evidence to support a finding in its favor on the successor liability question is premature.[6] Defendant did not file a motion for summary judgment on these issues, and the time for doing so has long since passed. Moreover, even if an exception does not apply, information concerning the chain of ownership on the Omnova site may also be relevant to issues such as Omnova's notice and knowledge of the alleged deficiencies in the culvert. For these reasons, Defendant's Motion *in Limine* is denied, although Defendant is free to readdress its concerns, if necessary, through appropriate objections or a Rule 50 motion at trial.

## IV.    Conclusion

For all of these reasons, Plaintiff's Motion is Limine is denied and Defendant's Motions in Limine are granted in part and denied in part as set forth more fully above. An appropriate Order follows.

---

[6] I also note that one of the primary opinions on which Defendant relies in its supplemental reply (Docket No. 52), Fizzano Bros. Concrete Prods., Inc. v. XLN, Inc., 973 A.2d 1019 (Pa. Super. Ct. 2009), was vacated by the Pennsylvania Supreme Court on March 26, 2012, six days after Defendant filed the brief. See Fizzano Bros. Concrete Prods., Inc. v. XLN, Inc., __ A.3d __, 2012 WL 1020945 (Pa. Mar. 26, 2012). I make no ruling at this juncture as to the applicability of Fizzano Bros. to the facts of this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States Fire Insurance Company, a/s/o Mafcote International, Inc., | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 10-1085 |
| vs. | ) ) |
| Omnova Solutions, Inc., | ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

**ORDER**

AND NOW, this 7th day of May, 2012, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

(1) Plaintiff's Motion in Limine to Exclude Certain Witnesses and Evidence Not Previously Disclosed by the Defendant and to Compel Production of Certain Documents and Photographs Disclosed for the First Time in Defendant's Pretrial Statement (Docket No. 31) is DENIED.

(2) Defendant's Motion in Limine to Exclude Evidence, Testimony and Argument That Omnova Solutions Committed a Trespass (Docket No. 27) is DENIED.

(3) Defendant's Motion in Limine to Exclude Evidence of Prior Occurrences of Flooding (Docket No. 28) is GRANTED with respect to alleged flooding incidents in the 1970s and DENIED in all other respects.

(4) Defendant's Motion in Limine Regarding Plaintiff's Demonstrative Exhibits (Docket No. 29) is GRANTED to the extent set forth in the body of the Opinion.

(5) Defendant's Motion in Limine to Exclude Evidence, Testimony and Argument of Alleged Corporate Relation of Succession (Docket No. 30) is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court