IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY a/s/o MAFCOTE INTERNATIONAL, INC., )<br>)<br>) | Civil Action No. 10-1085 |
| Plaintiff, ) | United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| v. ) | |
| OMNOVA SOLUTIONS, INC., ) | |
| Defendant. | |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Pending before this Court is Plaintiff's Motion in Limine to Exclude Defendant's Supplemental Expert Disclosure. (ECF No. 73). Specifically, Plaintiff seeks to strike Defendant's Supplemental Expert Report because it was disclosed to Plaintiff after the time for expert discovery has closed. The motion is briefed and ripe for disposition. For the following reasons, Plaintiff's motion is denied.

**II. BACKGROUND**

The factual allegations of this case are well known by the parties, and are not imperative for the instant dispute; therefore the Court will only focus on those facts necessary for determination of the instant motion. By joint motion of the parties, the Court extended discovery deadlines, ordering fact discovery to be completed by October 14, 2011, and expert discovery to be completed by November 18, 2011. Order of 9/12/11, (ECF No. 20). On October 11, 2012, Defendant sent Plaintiff a Supplemental Expert Report prepared by defense liability expert, Timothy Kyper. Pl.'s Mot. in Limine, (ECF No. 73) at ¶ 18. The substance of the Supplemental

1

Report concerns the Plaintiff's deposition of a defense fact discovery witness, Edward Antonacci, taken two days prior on October 8, 2012. Def.'s Resp. to Pl.'s Mot. in Limine, (ECF No. 76) at ¶ 1.  The parties stipulated to extending the discovery period for Plaintiff to take Mr. Antonacci's deposition, although it was taken nearly one year after fact discovery had closed, and Mr. Antonacci was identified in Defendant's Answers to Plaintiff's Interrogatories. *Id*., (ECF No. 76) at ¶ 2-3.  Plaintiff argues that through the Supplemental Expert Report, Mr. Kyper "offers new opinions and new evidence [other than those offered in his Expert Report] which was or should have been in the possession of the defense prior to the close of discovery." Pl.'s Brief in Support of Mot. in Limine, (ECF No. 73-1) at 2.  Defendant contends that Mr. Kyper prepared his Supplemental Expert Report from information recently made of record from Mr. Antonacci's deposition. Def.'s Resp. to Pl.'s Mot. in Limine, (ECF No. 76) at ¶ 4.  Defendant further argues that the "supplemental report *in no way* alters or expands" Mr. Kyper's original Expert Report, but "reiterates [his] original opinions." *Id*., (ECF No. 76) at ¶ 5 (emphasis in original).

### III. ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(C) establishes the timing of required disclosures of experts' identities and reports, providing:

> (C)   Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation of a court order, the disclosures must be made:
>
> (i)   at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii)  if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party

>under Rule 26(a)(2)(B), within 30 days after
>the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(C).

Under Federal Rule of Civil Procedure 37(c)(1), if a party "fails to provide information or identify a witness as required in Rule 26(a) … the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, "the imposition of sanctions for abuse of discovery" is <u>discretionary</u>. *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995). The non-producing party has the burden of proving substantial justification or that its failure to produce was harmless. *Waites v. Kirkbride Ctr.*, 2012 WL 3104503, *6 (E.D.Pa. July 30, 2012) (citations omitted).

The Court of Appeals for the Third Circuit has imposed that a district court must consider the following factors in exercising its discretion to determine whether to exclude evidence due to a discovery violation:

>(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;
>
>(2) the ability of the party to cure that prejudice;
>
>(3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases open in court; and
>
>(4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Jackson v. City of Pgh.*, 2011 WL 3443951, *13 (W.D.Pa. August 8, 2011) (quoting *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)). "[E]xcluding evidence is an 'extreme sanction' for a violation of a discovery order." *Womack v. Smith*, 2012 WL 1245752, *9 (M.D.Pa. April 13, 2012) (quoting *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999)).

Conduct rises to the level of bad faith in the context of untimely expert disclosures only where counsel's conduct could be "deemed made in bad faith to gain a tactical advantage." *Ciocca*, 2011 WL 3563560, *5 (quoting *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 720-21 (3d Cir. 1997)). Questionable practices or conduct on counsel's part by "failing to communicate" with the court or opposing counsel does not "rise to the level of bad faith." *Coicca*, 2011WL 3563560 at *5.

Both parties agreed to continue conducting discovery outside of the time limits imposed by the Court, including Plaintiff deposing a fact witness who had been identified by Defendant in July 2011. Plaintiff cannot now, after benefitting from such extended discovery measures, argue that it will be prejudiced or surprised from the Supplemental Expert Report vis-à-vis those measures. The two-paragraph Supplemental Expert Report does not disrupt the orderly and efficient trial of the case, as it forwards no novel assertions that were not already discussed in the original Expert Report authored by Mr. Kyper. Defendant did not act in bad faith or in willful disregard to any discovery obligation imposed upon him. To the contrary, Defendant disclosed the Supplemental Expert Report to Plaintiff on October 11, 2012, merely one day after Mr. Kyper prepared it, and two days after Mr. Antonacci's deposition was taken by Plaintiff. Defendant did not produce this Supplemental Expert Report to execute "trial by ambush" tactics, but rather as a response to Plaintiff's deposition of Defendant's fact witness.

### IV. CONCLUSION

This Court finds that Defendant's conduct in issuing a Supplemental Expert Report after the close of expert discovery does not compel this Court to strike the Supplemental Expert Report. Plaintiff suffers no prejudice or surprise from the inclusion of the Supplemental Expert Report because it does not expand or alter the opinions set forth in the original Expert Report;

allowing such testimony will not disrupt the orderly and efficient management of the trial; and Defendant has not failed to comply with the Court's discovery Order in bad faith.  Therefore, Plaintiff's Motion in Limine to Exclude Defendant's Supplemental Expert Disclosure (ECF No. 76) is denied.

**AND NOW**, this 23rd day of October, 2012, upon consideration of Plaintiff's Motion in Limine to Exclude Defendant's Supplemental Expert Disclosure **(ECF No. 73)**, it is **ORDERED** that said motion is **DENIED**.

s/ Cynthia Reed Eddy
The Honorable Cynthia Reed Eddy
United States Magistrate Judge
