IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, as Subrogee of MAFCOTE INTERNATIONAL, INCORPORATED,<br>　　Plaintiff,<br><br>　　v.<br><br>OMNOVA SOLUTIONS, INC.,<br>　　Defendant. | Civil Action No. 10-1085<br>Magistrate Judge Cynthia Reed Eddy |

## **MEMORANDUM OPINION**

Presently before this Court is Plaintiff's Motion for Prejudgment Interest [ECF No. 91]. Defendant has filed a response [ECF No. 95] and for the following reasons, Plaintiff's Motion is granted in part and denied in part.

On November 9, 2012, after a jury trial on the negligent maintenance and design of a culvert, a verdict was entered in favor of the Plaintiffs and against Defendant in the amount of $3.4 million. Plaintiff filed a subsequent motion seeking an award of prejudgment interest in the amount of $134,790.40. Pl.'s Mot. for Prejudgment Interest [ECF No. 91] at 4. Defendant argues that because the basis of the underlying claim was a subrogation action, Pennsylvania Rule of Civil Procedure 238 for prejudgment interest does not apply. Def.'s Resp. to Pl.'s Mot. for Prejudgment Interest [ECF No. 95] at ¶ 2. Alternatively, Defendant argues that because Plaintiff caused a seven month delay in the case proceeding to trial, any prejudgment interest awarded should be reduced by that amount. *Id*. at ¶¶ 3-4.

Rule 238 of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

> (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage,

1

> damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury ...
>
> (2) Damages for delay shall be awarded for the period of time ...
>
> (ii) in an action commenced on or after August 1, 1989, from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.
>
> (3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.
>
> (b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,
>
> (1) after which the defendant has made a written offer of
>
> (i) settlement in a specified sum with prompt cash payment to the plaintiff, or ...
>
> (2) during which the plaintiff caused delay of the trial.
>
> (c) Not later than ten days after the verdict of notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation.

Pa. R. Civ. P. 238(a)(1)-(c). Although the Pennsylvania Supreme Court has promulgated this Rule as procedural, the Court of Appeals for the Third Circuit has determined that it is substantive in nature and applies to cases brought in federal court. *Knight v. Tape, Inc.*, 935 F.2d 617, 622 n. 4 (3d Cir. 1991); *Sealover v. Carey Canada Inc.*, 996 F.2d 42, 46 (3d Cir. 1993). Defendants may shield themselves from prejudgment interest by (1) tendering an appropriate written settlement offer in a timely fashion, or (2) by showing "that the conduct of the plaintiff throughout the course of litigation has delayed trial." *Shrock v. Albert Eistein Medical Ctr.*, 589

A.2d 1103, 1106 (Pa. 1991); Pa. R. Civ. P. 238(b)(2). *See also Rosen v. Rucker*, 905 F.2d 702, 707-09 (3d Cir. 1990) ("a written offer is the sine qua non to any tolling of the delay damage period, unless it is established that the plaintiff caused the delay").

First, Defendant argues that because "Rule 238 is expressly limited in application to 'a civil action seeking monetary relief for bodily injury, death, or property damage,'…[it is] wholly inapplicable to Plaintiff's claim for reimbursement of monies paid out under an insurance policy acquired by and maintained with premiums paid by an entity that was not party to this action." *Id*. (quoting Pa. R. Civ. P. 238(a)(1)).  Defendant does not cite to any cases in support of this contention.  This Court has likewise found no cases explicitly rejecting an award of prejudgment interest because it was a subrogation action.  Although Pa. R. Civ. P. 238 does not apply to every action, the dual purposes of the Rule is "penal, to reduce court congestion, and compensatory, to make the plaintiff whole." *Touloumes v. E.S.C. Inc.*, 899 A.2d 343, 348 (Pa. 2006) (refusing to apply prejudgment interest to a breach of contract claim).  "Rule 238 provides compensation to a plaintiff for delay in receiving the monetary damages *owing as a result of the defendant's tort*." *Id*. at 348. (emphasis in original) (citations omitted).  Therefore, tort claims, including negligent maintenance and design, are the type of claims envisioned to be protected by Pa. R. Civ. P. 238.

Pennsylvania courts have restricted applying prejudgment interest "to situations where a defendant causes bodily injury, death or property damage" and have set forth cases in which prejudgment interest does not apply to tort claims, none of which are negligent maintenance or design claims. Pa. R. Civ. P. 238(a)(1). *See Anchostar v. Mack Trucks, Inc.*, 620 A.2d 1120 (Pa. 1993) (prejudgment interest not applicable for loss of consortium claim); *Rizzo v. Haines*, 515 A.2d 321, 326 (Pa.Super. 1986) (prejudgment interest not applicable for legal malpractice in personal injury cases); *Colodonato v. Consol. Rail Corp.*, 470 A.2d 475 (1983) (prejudgment

3

interest not applicable to punitive damages); *Oweida v. Tribune-Review Publ'g Co.*, 599 A.2d 230 (Pa. Super. 1991) *app. den.*, 605 A.2d 334 (Pa. 1991) (prejudgment interest not applicable for libel action); *Wainauskis v. Howard Johnson Co.*, 488 A.2d 1117 (Pa. Super. 1985) (prejudgment interest not applicable for malicious prosecution claim); *Erie Ins. Exch. v. McGee*, 474 A.2d 1171 (Pa. Super. 1984) (prejudgment interest not applicable to uninsured motorist arbitration award); *Reliance Universal v. Ernest Renda Contracting Co.*, 454 A.2d 39 (Pa. Super. 1982) (prejudgment interest not applicable in contract action).

Alternatively, Defendant argues that because the Court continued the case upon Plaintiff's motion for a period of seven months, any prejudgment interest awarded should be reduced by that amount. Def.'s Resp. to Pl.'s Mot. for Prejudgment Interest [ECF No. 95] at ¶¶ 3-4. Under Pennsylvania Rule of Civil Procedure 238, "[d]amages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action to the award, verdict or decision." Pa. R. Civ. P. 238(a). Prejudgment interest is "not available to plaintiffs for any period of time 'during which the plaintiff caused the delay of trial.'" *LaBarre v. Werner Enter., Inc.*, 420 Fed.App'x. 169, 170 (3d Cir. March 28, 2011) (quoting Pa. R. Civ. P. 238(b)(2)). "[T]he period of time a trial [is] delayed due to a continuance requested by the plaintiff should be excluded from the period for which delay damages are awarded." *Sealover*, 996 F.2d at 46. *See also Rice v. Schneider Nat'l Carriers, Inc.*, 2001 WL 1478667, *2 (E.D.Pa 2001) ("Since the court was prepared to call the case to trial, the plaintiff's requests thus postponed the beginning of the trial" and defendants were entitled to a reduction); *Wirth v. Miller*, 580 A.2d 1154 (Pa. Super. 1991) (court did not inquire into the reason for the continuance).

Here, the trial was scheduled to commence on April 16, 2012. Order of 12/12/2011 [ECF

4

No. 23]. However, Plaintiff moved to continue the case because of its counsel's poor health. Pl.'s Mot. to Continue Trial [ECF No. 53]. The trial was continued, and commenced on November 5, 2012. Because Plaintiff indeed caused the delay of trial from April 16, 2012 to November 5, 2012, it is not entitled to prejudgment interest for that period.

For the above reasons, the Court concludes that Plaintiff is entitled to an amended judgment incorporating prejudgment interest. Defendant was served with the complaint on December 1, 2010, thus the relevant time period begins on December 1, 2011. Pa. R. Civ. P. 238(a)(2). The time period ends on November 9, 2012, the date the verdict was entered. *See id*. However, this time period excludes the days from April 16, 2012, the date the trial was originally scheduled, to November 5, 2012, the date the trial was continued to in accordance with section (b)(1) of the Rule. Based on the Addendum to the Explanatory Note to Pa. R. Civ. P. 238, the proper interest rate for calculating delay damages consists of the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the prejudgment interest is awarded, plus one per-cent. Therefore, the prejudgment interest is ordered as follows:

    2011                        3.25% + 1%    =    4.25%
    2012                        3.25% + 1%    =    4.25%

1. 12/1/2011 – 12/31/2011 (31 days of $3.4 million at 4.25%);

   $144,500 x 31 / 365                                      $12,272.60

2. 1/1/2012 – 4/16/2012 (107 days of $3.4 million at 4.25%);

   $144,500 x 107 / 365                                    $42,360.27

3. 11/5/2012 – 11/9/2012 (5 days of 3.4 million at 4.25%);

   $144,500 x 5 / 365                                         <u>$1,979.45</u>

                                                                                                       $56,612.32

An appropriate Order follows.